IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-06-575 |
| | * | |
| VICTOR WHITE | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM**

Victor White is a sixty-three-year-old federal prisoner serving a 294-month sentence for drug trafficking and possessing a firearm after having been convicted of a felony. Now pending is White's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 72).[1] White seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government opposes the motion, (ECF 78), and White has replied, (80). For the reasons explained below, the motion will be denied.

## **BACKGROUND**

In May 2006, Baltimore County police officers executed a search warrant at a residence in Baltimore, Maryland where White was a frequent guest. During the search, officers recovered 33.3 grams of heroin and 7.6 grams of cocaine, materials used to process drugs for distribution, $2,100 in cash, and two handguns. White was present at the residence at the time of the search and admitted that the drugs, cash, and handguns recovered belonged to him. (ECF 62, Presentence Report ¶ 8). At that time, White was on supervised release from a 1991 federal conviction for possession with intent to distribute heroin (Crim. No. K-90-072). ((ECF 62, Presentence Report ¶ 33). On August 1, 2007 White was convicted by a jury of possession with intent to distribute a mixture containing heroin and a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and possession of a

---

[1] Through counsel, White filed a supplement to his pro se motion. (ECF 77).

1

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, White was subject to an enhanced mandatory minimum sentence of fifteen years on the § 922(g)(1) count, because he had four prior felony convictions, including a 1976 conviction for statutory rape, a 1978 conviction for robbery with a deadly weapon, a 1984 conviction for distribution of cocaine, and the aforementioned 1991 conviction for drug trafficking. *See* 18 U.S.C. § 924(e). (ECF 62, Presentence Report ¶ 39–40). His guideline sentencing range was 262 to 327 months. (ECF 62, Presentence Report ¶ 47; ECF 37, Sentencing Tr. at 8). The court sentenced White to 294 months imprisonment. (ECF 26, Judgment).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

White, through counsel, submitted a request for compassionate release to the warden of Elkton FCI, where he is currently incarcerated, on December 1, 2020. (ECF 77-1). The government does not contest that White has properly exhausted his administrative remedies, nor does the government contest that extraordinary and compelling reasons make White eligible for a sentence reduction.

White argues that he is at risk of developing serious illness related to COVID-19 because he has hypertension (high blood pressure) and chronic hepatitis C. (ECF 77-2, Medical Records at 2). Hepatitis C "is a liver infection that may result in long-term, chronic infections affecting the liver." *United States v. Curry*, No. CR ELH-17-0387, 2021 WL 130000, at *8 (D. Md. Jan. 14, 2021) (citing *Viral Hepatitis: Hepatitis C Information*, CDC, https://www.cdc.gov/hepatitis/hcv/index.htm (last accessed Jan. 11, 2021)).[2] And "[h]aving chronic liver disease . . . can make you more likely to get severely ill from COVID-19." *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021).[3] Compounding the risk to White is his age, *see COVID-19: Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated June 9, 2021) ("Older adults are more likely to get very sick from COVID-19. . . . The risk increases for people in their 50s and increases in 60s, 70s, and 80s."), and the mere fact of his incarceration, *see, e.g.*, *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."); *COVID-19: For People Living in Prisons and Jails*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (updated Mar. 5, 2021) ("Living in prisons and jails puts you at higher risk for getting COVID-19 because: it may be hard to stay at least 6 feet away . . . from other people; there may not be enough space to keep people with COVID-19 away from others; you may be sharing space with someone who has the virus and does not know it . . . ; staff or visitors may have

---

[2] Unpublished cases are cited for the soundness of their reasoning and not for any precedential value.

[3] While the court does not doubt that White's high blood pressure impacts his life, and the CDC's data collection shows that hypertension "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated May 13, 2021), the scientific evidence supporting this conclusion, at this time, "mixed," *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021).

the virus and not know it."). The court thus agrees with the parties that White's risk of severe illness from COVID-19 is an "extraordinary and compelling reason" to consider him for a reduction in sentence.[4] As the court has previously held, the fact that White has received the COVID-19 vaccine (ECF 78-1) does not preclude relief, but will be taken into account when balancing his risk of illness with the § 3553(a) factors. *See United States v. Spriggs*, No. CR CCB-10-364, 2021 WL 1856667, at *3 (D. Md. May 10, 2021).

## DISCUSSION

White's eligibility for compassionate release does not, however, guarantee relief. The court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors do not weigh in favor of release. The court must consider White's history and characteristics and also ensure that the sentence imposed reflects the seriousness of the offense, provides for adequate deterrence, and is sufficient to protect the public. *See* § 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(C). As explained above, White's conduct was serious, and he has a lengthy criminal record which includes convictions involving firearms and violence. While many of these convictions occurred when White was relatively young, White historically also has done poorly on supervised release and probation. Following his first adult conviction, all but one of his subsequent felony convictions occurred while White was on supervised release or probation. (ECF 62 ¶¶ 25–34). Given this consistent pattern of recidivism, the court is not persuaded that a

---

[4] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

reduction in sentence to time-served would sufficiently reflect the seriousness of the offense, provide for adequate deterrence, or protect the public from further crimes by White.

## CONCLUSION

For the foregoing reasons, White's motion for compassionate release (ECF 72) will be denied. The associated motions to seal (ECFs 76, 79) will be granted to protect the confidentiality of personal information. A separate Order follows.

  __7/6/2021__                                                  _____/S/_____
Date                                                                              Catherine C. Blake
                                                                                                     United States District Judge