IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO: JRR 06-575 |
| VICTOR WHITE | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The court has before it Victor White's Petition and Memorandum in Support of Relief Under the First Step Act (ECF 85; the "Petition"). The court has considered all papers submitted. No hearing is necessary.

Despite the title of the Petition, Mr. White seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A) (compassionate release) as well as Section 404(b) of the First Step Act ("FSA"). Specifically, Mr. White asks the court to reduce his sentence to time served and to modify his period of supervised release to home confinement. By Memorandum Opinion and Order issued in July 2021 (ECF 81 and 82), the court denied Mr. White's first motion for compassionate release (ECF 72; the "First Motion"). The Petition presents no materially different information or arguments on which Mr. White based his First Motion with respect to his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Although Mr. White is eligible for relief, the court remains unpersuaded that Mr. White should be afforded compassionate release on the grounds set forth in the Petition for the reasons set forth in its Memorandum Opinion at ECF 81. The court, therefore, adopts herein by reference its Memorandum Opinion at ECF 81.

As to Mr. White's requested relief under the FSA, section 404(b) of the FSA makes retroactive provisions of the Fair Sentencing Act of 2010 pertaining to mandatory minimum

sentences following conviction of certain crack cocaine-related offenses.  Mr. White was convicted of possession with intent to distribute a mixture containing heroin and a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count I); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count II).   Mr. White was subject to an enhanced mandatory minimum sentence of fifteen years due to his conviction on Count II, because he had four prior felony convictions, including a 1976 conviction for statutory rape, a 1978 conviction for robbery with a deadly weapon, a 1984 conviction for distribution of cocaine, and a 1991 conviction for drug trafficking. *See* 18 U.S.C. § 924(e).  Therefore, section 404(b) of the FSA does not apply to Mr. White's convictions in this case.

      For the foregoing reasons, the Petition is denied.  A separate order follows.

/S/
_____
Julie Rebecca Rubin
United States District Judge

January 24, 2023