IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:06-cr-00575-JRR-1 |
| VICTOR WHITE, | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Victor White's correspondence at ECF No. 103, which the court construes as a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF No. 103; the "Motion.")

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

---

[1] Mr. White also seemingly requests that the Office of the Federal Public Defender be appointed to represent him. His request is denied as moot in view of the filing at ECF No. 105 in which the Office of the Federal Public Defender states that it declines to file a supplement to the Motion.

"Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024) (citing *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022)).  The multi-part Amendment 821 is one such amendment. *Id.*  Relevant here, Part A of Amendment 821 concerns the calculation of criminal history, specifically the application of "status points." *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007, at *1).  It decreases a defendant's status points by one if the defendant has seven or more total criminal history points and eliminates the status points entirely if the defendant has six or fewer criminal history points. *See Gary*, 2024 WL 1641007, at *1; *see McElrath*, 2024 WL 4529278, at *3 (same); *Law*, 2024 WL 3757902, at *1 (same).

Mr. White is presently serving a 294-month sentence, with a projected release date of August 28, 2026.[2]  (ECF No. 26.)  Per his Amended Presentence Report ("PSR"), Mr. White did in fact receive three status points pursuant to U.S.S.G. § 4A1.1(d), resulting in a total criminal history points of six and criminal history category of III.  (ECF No. 62 ¶¶ 36–38.)  However, the PSR also identified that White is an armed career criminal pursuant to 18 U.S.C. § 924(e).[3] *Id.* ¶¶ 39–41.  As such, it assigned a criminal history category of VI. *Id.* ¶ 41.  Because Mr. White's criminal history category was determined by his armed career criminal status, "his actual criminal history points are of no moment." *United States v. Matthews*, No. CR ELH-20-0461, 2025 WL 240997, at *3 (D. Md. Jan. 17, 2025) (regarding career offender status).  Therefore, Mr. White's

---

[2] Mr. White appears to be housed in a community-based program at this time. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited April 14, 2026); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

[3] Mr. White makes no challenges to his armed career criminal status.  The court constrains its analysis accordingly.

criminal history computation is unaffected by Part A of Amendment 821. *Cf. United States v. Baylor*, No. 3:11CR64-2, 2024 WL 3732460, at *2 n.4 (E.D. Va. Aug. 6, 2024) (noting that "[n]othing in Amendment 821 would alter what would be the calculated Criminal History Category of VI in [the defendant's] case" where he received career offender and armed career criminal enhancements). Mr. White is thus not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2). The court therefore need not reach the 18 U.S.C. § 3553(a) factors.

For the foregoing reasons, it is this 14th day of April 2026,

**ORDERED** that the Motion (ECF No. 103) shall be, and is hereby, **DENIED**; and further it is

Madam Clerk shall transmit a copy of this Memorandum and Order to Mr. White.

_____/s/_____

Julie R. Rubin
United States District Judge
